IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–27–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GERALD EUGENE KENNEDY, | |
| Defendant. | |

Before the Court is Defendant Gerald Eugene Kennedy's Unopposed Motion for Early Termination of Supervision. (Doc. 68.) For the reasons below, the Court grants the Motion.

## Background

On February 21, 2019, Defendant was sentenced for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). (Doc. 56.) The Court sentenced Defendant to 72 months of imprisonment, followed by five years of supervised release. (*Id.*) Defendant began serving his term of supervision on July 11, 2022. (Doc. 68 at 1.) Defendant has no documented violations of supervised release. (*Id.* at 2.)

1

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that the 3553(a) factors warrant termination of Defendant's remaining supervised release. (Doc. 68 at 2.) At the time of sentencing, Defendant had zero scorable criminal history events. (*Id.*) Since his incarceration and release, Defendant has been sober. (*Id.*) Defendant reports that he has fully reformed by addressing the underlying addictions that led to the offense conduct. (*Id.* at 3.) United States Probation Officer Brian Hogan reports

that Defendant has done "exceptionally well" on supervision. (*Id.* at 2.)  The

United States does not oppose Defendant's request for early termination. (*Id.*) The

Court is impressed with Defendant's sobriety and success and believes Defendant

can live a lawful and productive life without supervision.

Thus, weighing "the nature and circumstances of the offense" against the

"characteristics" of Defendant, along with the need to promote "deterrence" and

"protect the public," the Court agrees with Defendant that continued supervision is

no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 68) is

GRANTED.  Gerald Eugene Kennedy's term of supervised release is

TERMINATED as of the date of this Order.

DATED this 17th day of July, 2024.

Dana L. Christensen, District Judge
United States District Court

3